**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Lozoya, | No. CV-12-0294-TUC-BGM |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

Currently pending before the Court is Plaintiff's Attorney's Motion [for] Attorney Fees Under 42 U.S.C. § 406(b) ("Motion for Fees") (Doc. 25). Defendant responded indicating no objection to Plaintiff's motion. Def.'s Response to Pl.'s Atty's Mot. for Att'y Fees Under 42 U.S.C. § 406(b) (Doc. 27).

**I.    BACKGROUND**

Plaintiff filed this cause of action for review of the Commissioner of Social Security's decision, pursuant to Sections 405(g) and 1383(c)(3) of the Social Security Act, Title 42, United States Code. Compl. (Doc. 1). Upon consideration of Defendant's unopposed motion for remand, the Court entered its Order (Doc. 20), remanding the matter to the Administrative Law Judge ("ALJ") for a *de novo* hearing and new decision.

---

[1] The Court takes judicial notice that Andrew Saul is no longer Commissioner of the Social Security Administration ("SSA"). The Court will substitute the new Acting Commissioner of the SSA, Kilolo Kijakazi, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. *See also* Fed. R. App. P. 43(c)(2).

Subsequently, pursuant to stipulation by the parties, the Court awarded Plaintiff attorney's fees in the amount of $3,400.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Order 1/14/2013 (Doc. 24). The Department of Treasury seized the entire amount of the EAJA award to satisfy a debt Plaintiff owed. *See* Pl.'s Br. in Support of Pl.'s Atty's Mot. for Atty's Fees Under 42 U.S.C. § 406(b) ("Fee Brief") (Doc. 26) at 2.

After remand, Plaintiff was found disabled, and the Social Security Administration awarded him past-due benefits in the amount of $135,042.00. *See id*. The Social Security Administration ("SSA") withheld $33,760.50 as 25% of past-due benefits owed to Plaintiff and authorized a payment in that amount to Plaintiff's counsel, Ms. Miller. *Id.* at 2. Subsequently SSA determined that "Plaintiff's auxiliaries were owed $58,567." *Id.* SSA notified Plaintiff's counsel that it withheld $14,641.75 from Plaintiff's past due benefits "which represent[ed] the balance of 25 percent of the past-due benefits for ALBERTO LOZOYA and family, in anticipation of direct payment of an authorized attorney's fee." Fee Brief (Doc. 26), SSA Memo to Miller 7/24/2021 (Exh. "D") (Doc. 26-4) at 1. Plaintiff's counsel now seeks an order awarding her $14,641.71. *See* Fee Brief (Doc. 26). There are no EAJA fees to refund because of the seizure of that award pursuant to the Treasury Offset Program. *Id.* at 11.

## II.   ANALYSIS

### A.   *Fees—Generally*

Regarding Social Security cases the Supreme Court of the United States has recognized that:

> As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Ibid.* Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) (alterations in original). Additionally, pursuant to the EAJA, a prevailing Social Security benefits claimant "may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Id.* at 796, 122 S.Ct. at 1822. "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id.* at 796, 122 S. Ct. at 1822 (alterations in original).

### B.     Fee Agreement

"Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht*, 525 U.S. at 808–09, 122 S. Ct. at 1828–29). "[T]he district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149.

Plaintiff executed a Fee Agreement outlining counsel's entitlement to fees for her representation of Plaintiff. Fee Brief (Doc. 26), Contract for Att'y Representation in Fed. Ct. SSI/Soc. Sec. Disability (Exh. "A") (Doc. 26-1). The Agreement provides for a contingent fee of twenty-five (25) percent of the past due benefits if Social Security benefits were awarded. *Id.* This agreement is consistent with the twenty-five (25) percent limit on contingent fee agreements mandated by Section 406(b)(1)(A), Title 42, United States Code, and there is no evidence of fraud or overreaching in its making. In this case, counsel was successful in obtaining a reversal and remand from this Court back to the ALJ, and subsequently obtaining a favorable result upon remand. Having reviewed

the case file, the Court finds the fee award should not be reduced based upon the quality of the representation, and Plaintiff's counsel did not engage in dilatory tactics. The Court further finds that counsel provided adequate representation in this matter. Accordingly, the Court finds that the fees are reasonable, and should be awarded.

### C.   EAJA Offset

"The 1985 amendments [to § 206(b) of the EAJA] address the fact that Social Security claimants may be eligible to receive fee[] awards under both the SSA and EAJA, and clarify the procedure that attorneys and their clients must follow to prevent the windfall of an unauthorized double recovery of fees for the same work." *Astrue v. Ratliff*, 560 U.S. 586, 596, 130 S.Ct. 2521, 2528, 177 L.Ed.2d 91 (2010). "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796, 122 S.Ct. at 1822 (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) (alterations in original). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* at 796, 122 S.Ct. at 1822 (citations omitted). Moreover, "[w]here the court allows a fee, § 406(b) permits the Commissioner to collect the approved fee out of the client's benefit award and to certify the fee for 'payment to such attorney out of' that award." *Ratliff*, 560 U.S. at 596 n. 4, 130 S.Ct. at 2528 n. 4 (citing 42 U.S.C. § 406(b)(1)(A)).

Here, Plaintiff was awarded fees pursuant to the EAJA in the amount of $3,400.00. Order 1/14/2013 (Doc. 24). The Department of Treasury seized the entire amount of the EAJA award to satisfy a debt Plaintiff owed. *See* Pl.'s Br. in Support of Pl.'s Atty's Mot. for Atty's Fees Under 42 U.S.C. § 406(b) ("Fee Brief") (Doc. 26) at 2. As such, there is nothing for Plaintiff's counsel to return.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 25) is GRANTED; and

(2) Plaintiff's counsel is awarded fees of $14,641.71 pursuant to 42 U.S.C. § 406(b).

Dated this 7th day of January, 2022.

*Honorable Bruce G. Macdonald*
United States Magistrate Judge